No. 14-0144 – *Tug Valley Pharmacy, LLC, et al. v. All Plaintiffs Below*

**FILED**

May 13, 2015

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

Justice Ketchum dissenting:

I dissent because criminals should not be allowed to use our judicial system to profit from their criminal activity. The twenty-nine plaintiffs in the present matter have admitted to engaging in the following criminal conduct: criminal possession of pain medications; criminal distribution, purchase and receipt of pain medications; criminally acquiring and obtaining narcotics through misrepresentation, fraud, forgery, deception, and subterfuge (not advising doctors of addiction or receipt of narcotics from other doctors); criminally obtaining narcotics from multiple doctors; and abusing and/or misusing pain medication by ingesting greater amounts than prescribed and snorting or injecting medications to enhance their effects.

Despite this litany of criminal misconduct, the majority ruled that these criminal plaintiffs may maintain tort actions against pharmacies and doctors who, the plaintiffs allege, *negligently or recklessly* prescribed and dispensed controlled substances to them. Further, the plaintiffs allege that the defendants *negligently or recklessly* caused them to become addicted to these controlled substances. The plaintiffs do not allege criminal or intentional conduct on the part of the defendant pharmacies and doctors. If the plaintiffs' complaints alleged criminal or intentional conduct, the defendant pharmacies and doctors would not be covered by their liability insurance policies.

1

The majority's ruling permitting criminal plaintiffs to maintain these civil lawsuits ignores common sense and will encourage other criminals to file similar lawsuits in an attempt to profit from their criminal behavior. I strongly disagree with this ruling and believe that this Court should adopt the wrongful conduct rule to prevent criminals from making a mockery of our judicial system by attempting to profit from their criminal activity.

The wrongful conduct rule has been adopted in a number of other states.[1] The Michigan Supreme Court of Appeals adopted the rule and described it as follows: "[A] person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party." *Orzel v. Scott Drug Co.*, 537 N.W.2d 208, 212 (Mich. 1995). The court stated that the rationale underlying the rule is "rooted in the public policy that courts should not lend their aid to a plaintiff who founded his cause of action on his own illegal conduct." 537 N.W.2d at 213.

The Connecticut Supreme Court recently held that a plaintiff cannot maintain a tort action for injuries that are sustained as the direct result of his or her knowing and intentional participation in a criminal act. In *Greenwald v. Van Handel*, 88 A.3d 467, 472 (Conn. 2014), the court described the negative consequences that would result from allowing criminal plaintiffs to profit from their criminal conduct:

> If courts chose to regularly give their aid under such circumstances, several unacceptable consequences would

---

[1] See footnote 6 of the majority opinion.

result. First, by making relief potentially available for wrongdoers, courts in effect would condone and encourage illegal conduct. . . . Second, some wrongdoers would be able to receive a profit or compensation as a result of their illegal acts. Third, and related to the two previously mentioned results, the public would view the legal system as a mockery of justice. Fourth, and finally, wrongdoers would be able to shift much of the responsibility for their illegal acts to other parties. . . . [W]here the plaintiff has engaged in illegal conduct, it should be the plaintiff's own criminal responsibility which is determinative.

*Id*., 88 A.3d at 472-73.

In the present case, the majority addressed the reasons why other courts have adopted the wrongful conduct rule but declined to adopt the rule in West Virginia because 1) it could be difficult for courts to apply; and 2) "our system of comparative negligence offers the most legally sound and well-reasoned approach to dealing with a plaintiff who has engaged in immoral or illegal conduct."

The majority worries that "attempting to accommodate all factual scenarios and policy concerns raised by the wrongful conduct rule make it virtually impossible to comprehensively articulate and therefore highly unlikely to be judiciously applied." I disagree. The wrongful conduct rule is straightforward and requires a court to exercise its basic common sense when applying the following: a criminal plaintiff may not maintain a tort action based on injuries sustained as the direct result of his or her knowing, and intentional participation in, a criminal act. Further, assuming *arguendo* that complicated factual situations would arise in which it was unclear whether a court should apply the rule, this Court is perfectly capable of reviewing such scenarios and providing clarity on the rule's application to a particular circumstance.

3

Next, the majority states that we need not adopt the wrongful conduct rule and should instead rely on "our system of comparative negligence" when assessing whether a plaintiff involved in immoral or illegal conduct should be allowed to maintain a civil action arising from such conduct. This argument has been considered and rejected by other courts. For instance, the Connecticut Supreme Court considered this argument in *Greenwald* and stated:

> [W]e agree with other jurisdictions that have concluded that the mere availability of common-law or statutory comparative negligence, which permits a plaintiff to recover even if his own negligence contributed to his injuries . . . does not negate application of the wrongful conduct rule. As one court explained, comparative negligence has no application to the [wrongful conduct] rule precluding a plaintiff from recovering for injuries sustained as a direct result of his own illegal conduct of a serious nature. . . . That rule is not based on the theory that a plaintiff, with an otherwise cognizable cause of action, cannot recover for an injury to which he has contributed. . . . It rests, instead, upon the public policy consideration that the courts should not lend assistance to one who seeks compensation under the law for injuries resulting from his own acts when they involve a substantial violation of the law. . . It simply means that proof of such an injury would not demonstrate any cause of action cognizable at law.

*Id*., 88 A.3d at 476-77 (internal citation and quotation omitted).

For the foregoing reasons, I respectfully dissent.

4